■ DAVID G. LIBBY, an Infant, by His Guardian ad Litem, GERTRUDE LIBBY, Appellant, v. FRED J. WILKIE, Respondent. (Action No. 1.) — Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict of the jury is against the weight of the evidence. (Appeal from a judgment of Onondaga Trial Term dismissing the complaint in an automobile negligence action, and from an order denying a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

■ GEORGE A. LIBBY, Appellant, v. FRED J. WILKIE, Respondent. (Action No. 2.) — Same decision and like cause of action as in case of *Libby* v. *Wilkie* (19 A D 2d 851).

■ BERNARD J. RYBARCZYK, Individually and as Administrator of the Estate of MICHAEL RYBARCZYK, Deceased, et al., Appellants, v. JOHN G. CZAJA et al., Respondents.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The verdicts of the jury are against the weight of the evidence. (Appeal from a judgment of Erie Trial Term dismissing the complaint in an automobile negligence action, and from an order denying a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

■ MARYANNE GENTILE, by Her Guardian ad Litem, THOMAS J. GENTILE, Respondent, v. DOMINICK CUSANO et al., Appellants.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: In affirming we do not embrace the statement contained in the opinion of the Special Term Justice that the infant plaintiff was an invitee as a matter of law. (Appeal from an order of Onondaga Motion Term granting plaintiff's motion to strike the answer of the defendant and granting judgment under rule 113 of the Rules of Civil Practice and directing an assessment of damages therein.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

■ HELEN SWIRSKI, Appellant, v. WILLIAM J. PRICE, Respondent. Appeal dismissed unless record and appellant's brief are filed and served on or before December 6, 1963. Cross motion for leave to appeal as a poor person granted to the extent of permitting appeal to be prosecuted upon one typewritten record on appeal and five typewritten briefs. Memorandum: It is not clear from the moving papers whether the appellant has ordered the minutes of the trial. It may be surmised therefrom, however, that she is without funds to do so. Section 1101 of the Civil Practice Law and Rules authorizes application to this court by any party for permission to proceed as a poor person. Such relief in the past has been granted by us either by authority of statute or in the exercise of our plenary power. (Cf. *Eagle Contrs. of Utica*, v. *Black*, 5 A D 2d 954.) However, a stenographic transcript may not be furnished to such a poor person except upon order " of the court before whom the action was tried" upon notice to the County Attorney (CPLR, § 1102, subd. [b]).